REQUESTED BY: Donald F. Best, Acting Director, Department of Correctional Services
1. May a state employee whom the public counsel desires to interview properly be denied the opportunity to tape record that interview by his employing agency or the public counsel?
2. May a state employee desiring the presence of legal counsel during an interview by the public counsel be compelled to submit to that interview without the presence of legal counsel by either his employing agency or the public counsel?
1. No.
2. No.
You have requested the opinion of this office on two questions involving the relationship between state employees and representatives of the office of the public counsel established by Neb.Rev.Stat. § 81-8,240 et. seq. (Reissue 1976). Prior to the preparation and consideration of this opinion we extended to the deputy public counsel for corrections the opportunity to state the position of the public counsel on the questions you have raised. We are now in receipt of the deputy public counsel for corrections' response and have considered that response in reaching our conclusions.
1. You first inquire whether an employee of the State of Nebraska, whom the public counsel desires to interview, may properly be denied the opportunity to tape record that interview by his employing agency or the representative of the public counsel. We understand that Department of Correctional Services employees have, in the past, been denied the opportunity to tape record their private interviews with the deputy public counsel for corrections.
The deputy public counsel for corrections indicates his refusal to allow individual employees to tape record their interviews with him is based upon his belief that "to carry out the legislative intent of the public counsel statutes the Ombudsman's Office must have the independence to reasonably determine the `manner and scope' of its investigations. . . ."
We assume the deputy public counsel for corrections alludes to the specific language of Neb.Rev.Stat. § 81-8,245
(Reissue 1976) which states in part: `(2) The Public Counsel may determine the scope and manner of investigations to be made; . . . .'
It is obvious that this general statement of authority does not readily answer the specific question presented. No specific statement of legislative intent is contained within §§ 81-8,240 et. seq. nor does a review of the legislative history of the enactment of § 81-8,245 offer any guidance on this specific question.
The general purpose of the enactment in question was to provide the citizens of this state a focal point for complaints concerning possible abuses or mishandling of problems by state administrative agencies. In so doing the public counsel was afforded broad investigative powers. The question now presented is what restrictions, if any, are applicable to the investigative power of the public counsel. In resolving this question, we apply the maxim that when interpreting a statute one must avoid a construction which leads to absurd, unjust or unconscionable results. State v.Maez, 204 Neb. 129, 281 N.W.2d 531 (1979).
As the purpose of the public counsel law was to protect the citizens of this state from abuses by state government, it seems unlikely that the Legislature would have afforded the office of public counsel unbridled discretion in the manner or means of conducting its investigations. Therefore, we assume that any restrictions placed upon citizens of this state, including state employees, having contact with an investigation conducted by the public counsel must have a reasonable basis or such restrictions would represent a form of governmental abuse which it was the purpose of the enactment to reduce.
Is the prohibition imposed by the public counsel against persons recording their private interviews with a representative of his office reasonable? The deputy public counsel for corrections' sole argument in support of his position is that to allow a person to create his own recording of his private interview with the public counsel `will compromise the integrity of the investigation' on the ground that allowing such recording is tantamount to interviewing witnesses in a `group.' The logic of this argument escapes us. Furthermore, we have contacted experienced personnel from several other state and federal investigative agencies and none have endorsed the reasonableness or necessity of the public counsel's position in this matter.
Particularly in the potentially volatile area of corrections, the possible desire of employees to record their interviews to protect themselves from misstatement does not appear unreasonable or represent an impediment to the purposes of the public counsel law. It is for the individual citizen to judge what level of trust and confidence he wishes to place in the public counsel or his representative during an investigatory contact.
2. The second question raised is whether a state employee may be properly compelled, by his superior or the public counsel, to submit to an interview with the public counsel or his representative without benefit of legal counsel.
First, we must examine the function of the public counsel. No conclusion or opinion of the public counsel is legally
significant or binding insofar as the actions of the administrative agency in question are concerned. Neb.Rev.Stat. § 81-8,253 (Reissue 1976). The powers of the public counsel, properly exercised, are purely investigatory and advisory. Neb.Rev.Stat. § 81-8,245, § 81-8,249 and 81-8, 250 (Reissue 1976). `It may be taken as established that there is no constitutional right to the assistance of counsel in administrative proceedings which are purely investigatory rather than adjudicative in nature.' 2 Am.Jur.2d, Administrative Law, § 273, p. 104. See, also, Anno., Right to Assistance by Counsel in Administrative Proceedings, 33 A.L.R.3d 229, § 6b, p. 249. However, this rule may be modified by statute. 2 Am.Jur.2d, Adm. Law, Id. In this instance the rule is modified by the provisions of 81-8, 245. That section states, in part,
 (5) The public counsel may issue a subpoena, enforceable by action in an appropriate court, to compel any person to appear, give sworn testimony, or produce documentary or other evidence he deems relevant to a matter under his inquiry. A person thus required to provide information shall be paid the same fees and travel allowances and shall be accorded the same privileges and immunities as are extended to witnesses in the district courts of this state, and shall also be entitled to have counsel present while being questioned; . . . .
Thus, the public counsel's access to individuals is not without limitation. He may not informally demand the cooperation of `any citizen,' including a state employee. He may informally obtain such information with the consent of the person in question or he may formally compel its production by subpoena under § 81-8,245(5) which specifically grants the person the right to the presence of legal counsel if desired.
This leaves the prospective interviewee a choice: he may choose to cooperate with an informal interview or, if he desires the presence of legal counsel, he may properly choose to inform the public counsel or his representative that he believes it inadvisable to provide any information unless he is allowed the presence of legal counsel at the interview or his testimony is compelled by subpoena. The exercise of this statutorily granted option would not violate the provisions of Neb.Rev.Stat. § 81-8,254 (Reissue 1976) or the intent of the public counsel law. It also leaves the public counsel the option of exercising his power under 81-8, 245(5) or allowing the employee the presence of counsel at an informal interview.
Thus, it is our opinion that a state employee desiring legal counsel during questioning by the public counsel or his representative should not, and cannot, be compelled to provide any information to the public counsel without legal assistance but should simply be informed of the options afforded him by statute.
We admit, as the deputy public counsel for corrections argues, that the acknowledgment of the citizen's statutorily granted right to legal counsel may possibly increase the time and expense of investigations. It will not, however, impede in the slightest, the public counsel's ability to ultimately ascertain the facts in any given matter, which is the sole purpose of that office. Broad inquisitorial powers lodged in any governmental entity, regardless of the purpose for which they are granted, must be carefully balanced against the right of the citizen to be free from unwarranted intrusion.
Very truly yours, PAUL L. DOUGLAS Attorney General J. Kirk Brown Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General